ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **RUBEN CAFÉ CORP., y otros**<br><br>Peticionario<br><br>v.<br><br>**TSF PROPERTIES INC., y otros**<br><br>Recurrido | KLCE202401030 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV11325<br><br>Sobre: Incumplimiento de Contrato, Desahucio |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece Ruben´s Café Corp. (Ruben´s Café o parte peticionaria) y solicita nuestra intervención, a los fines de que dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 6 de septiembre de 2024. Mediante la aludida determinación, el foro primario declaró *Sin Lugar* la *Moción Informativa y en Solicitud de Pronunciamiento en Torno al Requerimiento de Admisiones* instada por la parte peticionaria. Por consiguiente, reiteró que la contestación al requerimiento de admisiones presentado por TSF Properties (TSF o parte recurrida) cumple con la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33.

Por los fundamentos expuestos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

**I.**

La presente causa inició el 6 de diciembre de 2023 cuando Ruben´s Café instó una demanda sobre incumplimiento de contrato, dolo, así como daños y perjuicios en contra de TSF (SJ2023CV11325). Paralelamente, el 5 de enero de 2024, TSF incoó un pleito de desahucio por incumplimiento de contrato en contra de Ruben´s Café, referente a un inmueble comercial de su propiedad, sito en San Juan, Puerto Rico (SJ2024CV00119). Los mencionados casos fueron consolidados por el tribunal mediante orden emitida el 7 de mayo de 2024.

Como parte del descubrimiento de prueba, el 17 de abril de 2024, Ruben´s Café le remitió a TSF, mediante correo electrónico, un documento intitulado *Pliego de Interrogatorio, Producción de Documentos y Requerimiento de Admisiones*. En respuesta a lo anterior, el 14 de mayo de 2024, la representación legal de TSF instó una *Moción en Solicitud de Extensión de Plazo*. Detalló que, dado que contenido en el mismo interrogatorio cuyo término para presentar contestación aún no había vencido, existía un requerimiento de admisiones que debía ser juramentado, solicitaba una prórroga para presentar la contestación al requerimiento de admisiones. Junto a su moción incluyó una copia de la contestación al requerimiento de admisiones, juramentada por la presidenta de TSF ante notario en West Palm Beach, Florida.

Ruben´s Café se opuso a la moción de aplazamiento al día siguiente, por entender que era tardía e inapropiada. Arguyó que TSF cometió un error insubsanable, toda vez que la atención de la herramienta del requerimiento de admisiones es diametralmente distinta a la flexibilidad que matiza el manejo de un interrogatorio ordinario. Añadió que TSF no mostró justa causa para su inobservancia con el plazo mandatorio aplicable. Ante ello, adujo que el único curso de acción correcto en derecho era continuar con los trabajos y el manejo prospectivo el caso, con las consecuencias

procesales que aparejaba el incumplimiento de TSF. Por su parte, TSF replicó a la oposición de Ruben´s Café. Razonó que el TPI tenía la facultad de interpretar la Regla 33 de Procedimiento Civil de forma flexible y que lo ocurrido no ocasionó perjuicio alguno a Ruben´s Café. Subrayó que sería injusto que se dieran por admitidos todos los requerimientos, porque, a su entender, la mayoría son falsos, lo cual tendría el efecto de inducir a error al Tribunal en su consideración y apreciación de la prueba.[1]

Mediante *Resolución* emitida y notificada el 16 de mayo de 2024, el TPI autorizó la contestación al requerimiento de admisiones de TSF. En desacuerdo, Ruben´s Café acudió ante este Foro mediante recurso de *certiorari* KLCE202400675. Allí manifestó su inconformidad con la aludida autorización del TPI porque era su parecer que la contestación fue tardía. El 30 de julio de 2024, dictamos *Resolución,* por medio de la cual desestimamos el recurso por falta de jurisdicción.

Así las cosas, el 22 de agosto de 2024, Ruben´s Café presentó ante el TPI una *Moción Informativa y en Solicitud de Pronunciamiento en Torno al Requerimiento de Admisiones*. En su comparecencia, argumentó que, a pesar de la prórroga concedida por el foro de instancia, a dicha fecha, TSF nunca perfeccionó su contestación al requerimiento de admisiones. Ello, porque el juramento incluido en la referida contestación no fue acompañado de certificación o apostilla alguna emitida por el County Clerk del distrito del notario público del Estado de la Florida u otra autoridad competente. TSF se opuso a lo anterior, bajo el fundamento de que Ruben´s Café intentaba traer nuevamente argumentos relacionados con la contestación al requerimiento de admisiones que ya el TPI autorizó,

---

[1] Ruben´s Café instó una *Dúplica a Réplica Oposición a Solicitud de Prórroga sobre Requerimiento de Admisiones.* Anejo 6 del recurso, págs. 37-38.

por lo cual constituye la ley del caso.[2] Además, arguyó que el juramento de la contestación al requerimiento de admisiones era válido porque la Regla 33 de Procedimiento Civil no detalla requisito en cuanto a dicho aspecto.

Llegado a este punto, el 6 de septiembre de 2024, el foro *a quo* dictó la *Resolución* recurrida. Según adelantado, determinó que la contestación al requerimiento de admisiones de TSF cumple con la Regla 33 de Procedimiento Civil. Consiguientemente, declaró *Sin Lugar* el petitorio de Ruben´s Café.

En desacuerdo, Ruben´s Café comparece ante nos y alega que el TPI cometió el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al determinar que [la] contestación al requerimiento de admisiones ofrecida por TSF cumple con la Regla 33 de las de Procedimiento Civil.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...".[3] Ante ello, prescindimos de la comparecencia de la parte recurrida.

## II.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023*); León v. Rest. El Tropical*, 154 DPR 249 (2001). Su expedición está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión

---

[2] Ruben´s Café instó una *Breve Réplica a Oposición* el 28 de agosto de 2024. Anejo 10 del recurso, págs. 54-57.
[3] 4 LPRA Ap. XXII-B, R. 7 (B)(5).

ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). A esos efectos, dicha Regla dispone —en lo concerniente— lo siguiente:

> El recurso de *certiorari*, para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y **por excepción** a lo dispuesto anteriormente, el Tribunal de Apelaciones **podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.** Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro). Regla 52.1 de Procedimiento Civil, supra.

Por otro lado, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**III.**

En esencia, la parte peticionaria aduce que el Tribunal de Primera Instancia se equivocó al determinar que la contestación al requerimiento de admisiones presentada por la parte recurrida cumple con los requisitos que provee nuestro ordenamiento jurídico procesal. En particular, esboza que el juramento efectuado ante un notario foráneo no incluyó apostilla o certificación de ninguna autoridad competente, por lo que el tribunal no tiene forma de corroborar y certificar que los funcionarios o notarios públicos del extranjero están en efecto autorizados para tomar dicho juramento.

Ante esta situación, entiende que la contestación no se perfeccionó oportunamente, resultando que los requerimientos se dieran por admitidos.

A poco examinar la decisión interlocutoria objeto de revisión, nos percatamos que esta no se encuentra dentro del espectro de disposiciones revisables por la vía del recurso de *certiorari* al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* a los fines de: (1) intervenir con la determinación de que el juramento de la contestación del requerimiento de admisiones de TSF cumple con los requisitos de la Regla aplicable y, por ende, (2) inmiscuirnos en el manejo del descubrimiento de prueba que realiza el foro primario.[4] Tampoco refleja una situación excepcional, ni la parte peticionaria nos colocó en posición de establecer que la falta de nuestra intervención ocasionaría un fracaso de la justicia.

Del tracto procesal de la causa que nos ocupa resulta necesario resaltar que la aprobación de la contestación del requerimiento de admisiones se efectuó mediante *Resolución* del 16 de mayo del año en curso, decisión cuya parte peticionaria intentó impugnar por medio de la presentación de un recurso de *certiorari* que no fue perfeccionado adecuadamente. Ante esta situación, la mencionada *Resolución* constituye la ley del caso entre las partes.

A raíz de lo anterior, colegimos que no se justifica la expedición del auto de *certiorari* solicitado por la parte peticionaria.

**IV.**

---

[4] Recordemos que los tribunales tienen el deber de asumir un rol activo desde el albor del pleito, por lo que es recomendable que en la etapa del descubrimiento de prueba también intervengan y encaucen el mismo, toda vez que con ello se garantiza un proceso judicial justo, rápido y económico. *Lluch v. España Service Sta.,* 117 DPR 729, 744 (1986). Así, los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no deben intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022), citando a *Lluch v. España Service Sta.,* supra, pág. 745; *McNeil Healthcare v. Mun. Las Piedras II,* 206 DPR 659, 672-673 (2021).

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
